# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1377 | **DATE** | August 18, 2011 |
| **CASE TITLE** | Terry Jerome Brown (K-76895) v. Fairchild, et al. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [51] is granted. This matter is dismissed for failure to state a claim upon which relief can granted. The case is closed.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Terry Jerome Brown, currently an inmate at the Stateville Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendants' motion to dismiss.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)).

Plaintiff filed suit while he was being held at the Northern Reception Center (NRC) as newly-admitted inmate. Plaintiff submitted a request for law library time while at NRC. Plaintiff alleges that the "law library" for NRC was inadequate and NRC staff failed to provide the assistance he needed in light of the inadequate law library. Plaintiff seeks injunctive relief for an adequate law library.

Defendants first argue that any claims against them in their official capacity are barred by the Eleventh Amendment.

Generally, the Eleventh Amendment's sovereign immunity clause bars a suit in federal court against a state or its agencies unless the state consents to suit in federal court or Congress uses its powers under the Fourteenth Amendment to abrogate the state's immunity. *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity, and a state is not a person within the meaning of Section 1983. *Quern v. Jordan*, 440 U.S. 332, 350 (1979); *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1988). In addition, a suit against a state official in his or her official capacity is not a suit against the official; but, rather, it is deemed a suit against the official's office and, thus, is no different from a suit against the State itself. *Kentucky v.*

*Graham*, 473 U.S. 159, 169 (1985). However, suits against a state official are sometimes permissible. Official capacity actions for prospective relief are not treated as actions against the state; and, therefore, an action against a state official in his official capacity, when sued for injunctive relief, is allowed. *Graham*, 473 U.S. at 167 n.14.

Here Plaintiff only seeks injunctive relief, thus his claims for injunctive relief are not barred by the Eleventh Amendment (although any claims for damages against the Defendants in their official capacities would have been barred).

Defendants also argue that Plaintiff does not have standing because he has been moved from the NRC. Article II of the Constitution limits the federal courts to adjudicating actual "cases" or "controversies." U.S. Const. art. III, § 2. Standing must exist for each form of relief sought during every stage of the litigation. *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010). If a party loses standing during the litigation due to intervening events, "the inquiry is really one of mootness." *Parvati*, 630 F.3d at 516, citing *Friends of the Earth Inc. v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 185 (2000). In other words, the required personal interest that must exist at the commencement of the litigation (standing) must continue throughout the litigation (mootness). *Friends of the Earth Inc.*, 528 U.S. at 185.

It is undisputed that Plaintiff had standing when he filed suit. However, his claims for injunctive relief regarding the law library at the NRC are moot because he is no longer housed at the NRC and there are no allegations that he is likely to be transferred back to NRC (the temporary holding facility for placement in the Illinois Department of Corrections). *See Pearson v. Welborn*, 472 F.3d 732, 743 (7th Cir. 2006); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).

Plaintiff does not dispute that his claims for injunctive relief as to the NRC law library are moot in his response to Defendants' motion to dismiss. Instead, Plaintiff argues the motion to dismiss should be denied so he can proceed with claims that the law library at Stateville is inadequate. Plaintiff cannot amend his complaint through his response to Defendants' motion to dismiss. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Furthermore, amendment of the present complaint to bring claims related to the Stateville law library would be futile as Plaintiff could not have exhausted the required administrative remedies regarding the Stateville law library prior to filing suit because he was not at Stateville when he filed suit. *See Ford v. Johnson*, 362 F.3d 395, 397-98 (7th Cir. 2004) (exhaustion is a precondition to filing suit – a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient). If Plaintiff wishes to file suit based on his belief that the law library at Stateville is inadequate, he must file a new lawsuit after he exhausts his administrative remedies as to that claim.

Based on the above, Defendants' motion to dismiss is granted. This matter is dismissed for failure to state a claim upon which relief can granted. The case is closed.

*Wm. J. Hibbler*